UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEASHA S. WOODRUFF,

                Plaintiff,

  v.

RESOLUTION GROUP,

                Defendants.

Case No. 3:25-cv-05004-DGE

ORDER

This matter comes before the Court on plaintiff's motion to proceed *In Forma Pauperis* ("IFP") in regard to their proposed complaint (Dkt. 1-1). Dkt. 1. Plaintiff is proceeding without representation by counsel in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before **March 10, 2025**, plaintiff is ORDERED to either (1) show cause why this cause of action should not be dismissed or (2) file an amended complaint addressing the deficient aspects of the proposed complaint.

A. Background

Plaintiff has filed a demand letter, but refers to it as a complaint against defendant Resolution Group under the Truth in Lending Act (15 U.S.C. § 1635), the Fair

ORDER - 1

Debt Collection Practices Act (15 U.S.C. § 1692), as well as state contract claims based on the financing agreement for a 2020 Mini Cooper Hardtop and the repossession of the vehicle on December 7, 2024. Dkt. 1-1.

## DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). The court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). A claim is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A. Failure to State a Claim

An unrepresented plaintiff's complaint is to be construed liberally; but – like any other complaint – factual assertions must be sufficient to support a facially plausible

ORDER - 2

claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under Federal Rule of Civil Procedure (Fed R. Civ P.) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set of facts that would show he is entitled to any relief. *Iqbal*, 556 U.S. at 678. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id*. at 681; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp*., 550 U.S. at 555. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990).

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a plaintiff who is unrepresented by counsel is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here plaintiff's proposed complaint consists of a demand letter and conclusory statements that she was harmed. There are no allegations of facts showing the acts or omissions that constituted the alleged violations of law. *See Iqbal*, 556 U.S. at 678.

For example, the demand letter that has been referred to as a complaint states that "evidence suggests that the contract was converted into a financial instrument for securitization or trading without my consent" (Dkt. 1-1 at 1) yet she does not assert facts that would be proved by any such evidence. Plaintiff demands compliance, and states that the failure to disclose the assignment or transfer of the contract violated 15 U.S.C. § 1641(g) (Dkt. 1-1 at 1-3) but the proposed complaint does not allege specific individuals acted in particular ways or failed to act.

Plaintiff states that the repossession of the car on December 7, 2024 violated multiple laws but does not assert facts regarding any act or failure to act, or any allegations about how any act or failure to act violated the laws she alleges have been violated. The complaint states that defendant omitted facts about the financial practices related to the contract and failed to honor the recission notice but again does not explain what actions were taken, or identify individuals who took such actions, or assert that particular individuals took specific action or failed to act in a manner that would amount to a violation of the law. Instead, plaintiff has filed a "notice" that she refers to as "a formal and binding notice under federal and state law." Dkt. 1-1 at 3. There are documents attached, and incorporated by reference. Dkt. 1-1 at 3, and Dkt. 1-3 (exhibits to the complaint).

ORDER - 4

Plaintiff's proposed complaint does not contain sufficient factual allegations to show that she is plausibly entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

CONCLUSION

Due to the deficiencies described above, the Court will not serve the Proposed Complaint (Dkt. 1-1). If plaintiff intends to pursue this action, she must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before March 10, 2025.**

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether plaintiff has established that this Court has jurisdiction to hear her claim and whether it states a claim for relief. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

**The Clerk is directed to re-note plaintiff's IFP application to March 10, 2025.**

Dated this 10th day of February, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 6